IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DORA MCNEIL                                                                                                PLAINTIFF

v.                                              4:07CV00935 JLH

JOSE E. ABISEID, M.D., P.A.                                                                         DEFENDANT

**OPINION AND ORDER**

Dora McNeil brought this action against Jose Abiseid pursuant to Section 502(c)(1)(B) of ERISA, 29 U.S.C. § 1132(c)(1)(B). She claims that in her action for recover her retirement benefits under ERISA, Abiseid failed to provide copies of retirement plan documents and other plan information when they were requested. Abiseid has moved to dismiss for failure to state a claim under Rule 12(b)(c). For the following reasons, Abiseid's motion is denied.

**I.**

Dora McNeil worked for Jose Abiseid, M.D., P.A. from February 1996 until April 2002 when she was terminated. She subsequently began the process of making a claim for her retirement benefits under Abiseid's retirement plan. On May 9, 2002, McNeil's attorney requested several documents related to the retirement plan from Abiseid, specifically:

> 1. A copy of the plan document and all amendments and restatement [sic] executed during Ms. McNeil's employment (through today), including the plan's favorable determination letter.
> 2. A copy of the Form 5500 filing for the last three years for the Plan (including the schedules B).
> 3. A copy of the most recent summary plan description and any summary of material modifications since Ms. McNeil's date of hire through today.
> 4. Ms. McNeil's distribution and elections forms - Ms. McNeil has been terminated and therefore is entitled to an immediate distribution from the plan. The distribution form should indicate the value of Ms. McNeil's accrued benefit under all optional forms of distribution, including a lump sum distribution.

In June 2002, Abiseid advised McNeil of his calculations of her benefits under the plan, a lump sum

of $21,619.61. McNeil disputed the calculations and claimed the lump sum benefit she was entitled to was $58,887 plus interest. McNeil's claim was ultimately denied and she filed a lawsuit in August 2003. The district court found in favor of Abiseid, but the Eighth Circuit reversed, directing the district court to remand the claim to Abiseid and reopen the administrative record to explain his benefit calculations. On remand, McNeil says that Abiseid produced four plan amendments and five summaries of material modification that were not previously provided in response to McNeil's May 9, 2002 request. McNeil claims that she was prejudiced by the late production of the documents. She argues that the delay was a violation of Section 502(c)(1)(B) of ERISA and that she is entitled to up to $190,630 in penalties.

McNeil attempted to amend her complaint on remand to include her claim for penalties under ERISA, but this Court denied her motion to amend. The Court said:

> This action went to final judgment, was appealed, and was remanded. This Court complied with the mandate of the Eighth Circuit directing that the matter be remanded to Abiseid for Abiseid to respond to McNeil's claim with a detailed explanation of the calculations. McNeil now seeks to reopen the action to litigate issues beyond those encompassed within the mandate of the Eighth Circuit, which will not be permitted.

*McNeil v. Abiseid (McNeil I)*, No. 4:03CV00650 (E.D. Ark. June 7, 2007) (order denying motion to amend). Abiseid argues that because there was a previous decision in the case and McNeil did not bring up this claim before that decision, her complaint is barred by res judicata. He also argues that her claim is an attempt to relitigate issues beyond the scope of the Eighth Circuit's mandate and therefore, he argues, her claim is barred by the law of the case doctrine.

## II.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual

allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (overruling language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1964-65 (citations omitted). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

    Section 502(c)(1)(B) of ERISA provides:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish a participant or beneficiary (unless such failure of refusal results from matters

>reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132 (c)(1)(B). The statutory penalty gives plan administrators incentive to comply with ERISA's requirements by creating a punishment for noncompliance. *Starr v. Metro Systems, Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006). McNeil's attorney sent a letter requesting plan documents on May 9, 2002. The Eighth Circuit remanded McNeil's claim in November 2006, and on remand McNeil says Abiseid produced plan documents that were never provided after her previous request. She says the nine documents, including four plan amendments and five summaries of material modification, were given to her 1,763 days after her original request. She argues that she was prejudiced by being denied the documents earlier in the claims process.

Abiseid argues that McNeil's claim for the statutory penalty is barred by res judicata. Res judicata bars a claim if: "'(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties . . . and (4) both suits are bases upon the same claims or causes of action.'" *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). Abiseid says that the claim was raised in the intial complaint, litigated, and resolved in *McNeil I* by the appeal to the Eighth Circuit. However, McNeil's complaint in that case was solely based on the recovery of McNeil's benefits under Abiseid's ERISA plan; it never mentioned recovery of the statutory penalty under 502(c)(1)(B) of ERISA. *See* Complaint, *McNeil I*. When this Court denied McNeil's motion to amend, it was not because the

4

Eighth Circuit had already ruled on the statutory penalty issue; it was because the Court refused to "entertain an amended complaint stating what is, in effect, a new claim, after the issues raised in the initial complaint were litigated to a final conclusion followed by remand with specific directions as to what should be done." *McNeil v. Abiseid*, No. 4:03CV00650.  Clearly, the two suits are not based on the same claim or cause of action; therefore res judicata does not bar McNeil's claim for statutory penalties.

Abiseid also argues that McNeil's claim is barred by the law of the case doctrine. The law of the case doctrine provides that "when a court decides a rule of law, that decision should govern the same issues in subsequent stages in the same case." *UniGroup, Inc. v. Winokur*, 45 F.3d 1208, 1211 (8th Cir. 1995). When the case at issue is not the same action in which a court has already decided the rule of law, the law of the case doctrine does not apply. *Harbor Ins. Co. v. Essman*, 918 F.2d 734, 738 (8th Cir. 1990). In the instant case, no court has already decided a rule of law; the Eighth Circuit's mandate only serves as the law of the case in McNeil's action against Abiseid for recovery of her retirement benefits. The law of the case doctrine does not bar McNeil's claim for statutory penalties.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the complaint is denied. Docket #6.

IT IS SO ORDERED this 30th day of October, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE